**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**DONALD MARTINO**                                    **CIVIL ACTION**

**VERSUS**                                            **NO. 18-134-JWD-EWD**

**THOMPSON NATIONAL
PROPERTIES, LLC, ET AL.**

**ORDER**

Before the Court is a Motion for Leave to File Amended Complaint (the "Motion"), filed by plaintiff Donald Martino.[1] On or about December 29, 2017, Plaintiff filed a Petition for Damages in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, against Thompson National Properties, LLC ("Thompson"), Liberty Insurance Corporation ("Liberty"), Morgan Communities Management, LLC ("Morgan") and Thompson/Morgan Baton Rouge I, DST ("Thompson/Morgan").[2] Liberty and Thompson/Morgan removed the matter to this Court on February 8, 2018 on the basis of diversity jurisdiction, 28 U.S.C. § 1332.[3]

Plaintiff filed the instant Motion on March 2, 2018, seeking to name Morgan Multi-Family Property Manager, LLC as an additional defendant in this matter.[4] However, the proposed Plaintiff's First Amended Complaint for Money Damages[5] (the "First Amended Complaint") fails to adequately allege the citizenship of the parties. The proposed First Amended Complaint

---

[1] R. Doc. 7.
[2] R. Doc. 1-3.
[3] R. Doc. 1 at ¶ XVII.
[4] R. Doc. 7 at p. 2.
[5] R. Doc. 7-2.

contains the following allegations regarding citizenship:

> 2. Plaintiff Donald Martino is a person of the full age of majority and a resident of the State of Mississippi.
> 3. Defendant Thompson/Morgan Baton Rouge I, DST, is a corporation organized under the laws of the State of Delaware with its principle place of business in the State of California that, for all relevant times, conducted business within East Baton Rouge Parish.
> 4. Defendant Thompson National Properties, LLC, is a limited liability company organized under the laws of the State of Delaware with its principle place of business in the State of California that, for all relevant times, conducted business within East Baton Rouge Parish.
> 5. Defendant Morgan Multi-Family Property Manager, LLC, is a limited liability company organized under the laws of the State of New York, with its principle place of business in the State of New York, County of Monroe, that, for all relevant times, conducted business within East Baton Rouge Parish.
> 6. Defendant Morgan Communities Management, LLC, is a limited liability company organized under the laws of the State of New York, with its principle place of business in the State of New York, County of Monroe, that, for all relevant times, conducted business within East Baton Rouge Parish.
> 7. Defendant Liberty Insurance Corporation is a foreign insurance company authorized to do and doing business in the State of Louisiana at all relevant times. At all relevant times, there was in full force and effect a policy of insurance issued by said Defendant, the terms and conditions of which obligated it to insurance and indemnify Defendants Morgan Multi-Family Property Manager, LLC, Thompson National Properties, LLC, Morgan Communities Management, LLC, and Thompson/Morgan Baton Rouge I, DST, from the type of liability asserted herein.[6]

Because this matter was removed to this Court based upon diversity jurisdiction under 28 U.S.C. § 1332, proper information regarding the citizenship of all parties is necessary to establish the Court's diversity jurisdiction. Citizenship has not been adequately alleged in the proposed First Amended Complaint. While the citizenship of Thompson/Morgan has been adequately alleged,[7] the citizenship of Donald Martino, Thompson, Morgan Multi-Family Property Manager,

---

[6] R. Doc. 7-2 at ¶¶ II.2 through II.7.
[7] For purposes of diversity, "A corporation is a citizen of its place of incorporation and its principal place of business." 28 U.S.C. § 1332(c).

LLC, Morgan and Liberty has not been adequately alleged. With respect to Martino, the Fifth Circuit has explained that, "For diversity purposes, citizenship means domicile; mere residence in the State is not sufficient." *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) (citations omitted).

With respect to Thompson, Morgan and Morgan Multi-Family Property Manager, LLC, which are alleged to be limited liability companies, the Fifth Circuit has held that for purposes of diversity, the citizenship of a limited liability company is determined by considering the citizenship of all its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Thus, to properly allege the citizenship of a limited liability company, a party must identify each of the members of the limited liability company and the citizenship of each member in accordance with the requirements of 28 U.S.C. § 1332(a) and (c). The same requirement applies to any member of a limited liability company which is also a limited liability company. *See, Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd.*, Civ. A. No. 06-88-A, 2007 WL 2848154, at *4 (M.D. La. Sept. 24, 2007) ("when partners or members are themselves entities or associations, the citizenship must be traced through however many layers of members or partners there may be, and failure to do [so] can result in dismissal for want of jurisdiction.") (citations omitted).

With respect to Liberty, the First Amended Complaint fails to specify what form of entity it is, alleging only that it is "a foreign insurance company."[8] If Liberty is a corporation, Plaintiff must allege the entity's place of incorporation and principal place of business. *See*, 28 U.S.C. § 1332(c). If, however, Liberty is an unincorporated association or a limited liability company, Plaintiff must allege the name and domicile of each member of the entity. *See*, *Harvey*, 542 F.3d at 1080.

---

[8] R. Doc. 7-2 at ¶ II.7.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff shall have seven (7) days from the date of this Order to file a motion to substitute the proposed Plaintiff's First Amended Complaint for Money Damages[9] with a proposed pleading that is a comprehensive amended complaint (*i.e.*, it may not refer back to or rely on any previous pleading) that includes all of Plaintiff's numbered allegations, as revised, supplemented, and/or amended, and adequately alleges the citizenship of all parties, which will become the operative complaint in this matter without reference to any other document in the record.

Signed in Baton Rouge, Louisiana, on March 6, 2018.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[9] R. Doc. 7-2.